**Joel S. ARIO, Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff**

**v.**

**RELIANCE INSURANCE COMPANY, Defendant.**

**In Re: Farm Bureau Insurance; POC No. 1010161.**

Commonwealth Court of Pennsylvania.

Decided Dec. 14, 2007.

Publication Ordered Dec. 21, 2007.

Peter L. Diesel, Grand Blanc, MI, for Farm Bureau Insurance Company.

Kean McDonald, Philadelphia, for defendant, Reliance Insurance Company.

### OPINION and ORDER

COLINS, Judge.

Before the Court are the objections of the Statutory Liquidator (Liquidator) of Reliance Insurance Company (Reliance) to the Decision of Referee Luther Milspaw issued in connection with a notice of determination (NOD) filed by the Liquidator regarding a monetary claim against Reliance filed by Farm Bureau Insurance Company and assigned Proof of Claim No. 1010161. The issue addressed is whether a subrogation claim held by an insurance company against Reliance, which is an insolvent insurance company, is a loss claim properly assigned to class (b) or a loss claim for which the loss has been indemnified and properly assigned to class (g). The Referee concluded that the claim is a class (b). The Liquidator has filed objections. The Court accepts the Referee's findings of fact and conclusions of law.[1] The Liquidator's assignment of class (g) to this claim is overruled; the claim is assigned to class (b).

Members of the Harness, is a group of individuals that own the harness racing horse, Pocket Rocket. The group, located in Michigan, is comprised of John Stapleton, Mary Stapleton, and James D. Lavery. The group was insured by Reliance. On January 9, 1998, Pocket Rocket escaped from a collapsed sulky, ran from the premises of the Sports Creek Raceway, and ran into automobile traffic, causing a motor vehicle accident in which Sheila Follen–Davis (Davis) was injured. Farm Bureau Insurance (Farm Bureau) insured Davis. Farm Bureau settled with Davis and sought to recover from Reliance the $7000 settlement paid to Davis. On May 30, 2001 Reliance and its insured, Members of the Harness, executed a settlement for the claim agreeing to pay Farm Bureau $7000, in return for which Farm Bureau executed a release, but no funds were

---

1. The Court finds no merit to the Liquidator's argument that this Court must defer to the decisions issued by Reliance Referees. Decisions issued by those appointed to act as Referees in the Reliance Insurance liquidation do not constitute binding precedent.

disbursed. On that same day, Reliance was placed into rehabilitation; thereafter, on October 3, 2001, Reliance was placed into liquidation. Farm Bureau filed a claim against Reliance for the settlement amount. The Liquidator issued an NOD acknowledging Farm Bureau's claim for $7000, and assigning the claim to class (g), on the basis that the claim is that of a subrogee.

Farm Bureau objected to the classification of its claim as class (g), contending that its loss claim is not a claim "under policies for losses wherever incurred, including third party claims subject to other recovery," 40 P.S. § 221.44(b), and as such the claim should have been assigned to class (b). The matter was assigned to Referee Luther Milspaw for consideration.

Based on the uncontested facts of record, Referee Milspaw concluded as a matter of law that the claim should be classified as a class (b). Referee Milspaw reasoned that the claim is a loss claim for which there is no proof of indemnification or other benefits or advantages recovered by the claimant. The Liquidator filed exceptions with this Court arguing that the status of Farm Bureau can be no greater than the status of Davis. If Davis were the claimant, contends the Liquidator, her claim would not be classified as class (b) as she would have a right to recover against Farm Bureau. Therefore, argues the Liquidator, Farm Bureau's claim can be no higher than that of Davis had she brought the claim directly. The Court disagrees with the Liquidator's characterization that Davis is the claimant.

There is no dispute that Reliance agreed to pay to Farm Bureau $7000 to settle Farm Bureau's subrogation claim. With a settlement reached all that remained was the issuance of the check. That final step was halted when Reliance was placed into receivership and subsequently, was placed into liquidation. Because Farm Bureau was the subrogated insurer, Davis had no claim against the Reliance Estate and it was Farm Bureau that timely filed a claim with the Reliance Estate. The claimant in Reliance is not, as the Liquidator represents, subrogor Davis, rather, the claimant is the subrogee, Farm Bureau. The issue then is whether the claim is a loss claim for which no other benefits are available.

The issue of the proper class assignment to a subrogation claim is one of first impression. The issue involves the interpretation of Section 544 of the Act of May 17, 1921, P.L. 789, commonly known as the Insurance Department Act (Act), *as amended,* 40 P.S. § 221.44, which sets forth an order of distribution of claims from an insurer's liquidated estate. The cardinal rule of statutory construction is to ascertain and effectuate the intention of the Legislature as expressed in the statute. 1 Pa.C.S. § 1921. Here, the Legislature has designated that the Act be liberally construed to effect the purpose of the Act. 40 P.S. § 221.1(b). The purpose of the Act is to protect the interests of the insureds, creditors, and the public generally. 40 P.S. § 221.1(c). The Court must construe the Act to avoid absurd results, however, in construing the Act, the Court must give effect to the entire statute, and to favor the public interest as against any private interest. 1 Pa.C.S. § 1922.

Section 544 of the Act, 40 P.S. § 221.44, directs that "[e]very claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive payment." Thus, every claim in class or priority level (a) shall be paid before those claims assigned to class (b), and so forth. The Court must interpret subsection (b), which directs the payment of loss claims. Loss claims are

[a]ll claims under policies for losses wherever incurred, including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. All claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values shall be treated as loss claims. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds in life insurance, or as gratuities. No payment made by an employer to his employe shall be treated as a gratuity.

Section 544(b) of the Act, 40 P.S. § 422(b). Farm Bureau's claim is a loss claim,

The Liquidator asserts that the claim herein is for "[t]hat portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, [and as such] shall not be included in this class." 40 P.S. § 221.44(b). The Liquidator asserts that if Davis were the claimant her claim would be assigned to class (g); therefore, Farm Bureau's claim must be assigned to class (g).

Contrary to the position advanced by the Liquidator, subrogor Davis is not the claimant. The claimant here is Farm Bureau and Farm Bureau's claim is not an indemnification claim. Farm Bureau's claim is based on subrogation; Farm Bureau paid its insured for the loss sustained, then sought to recover the money from the Members of the Harness, which is the group responsible for the loss. The entity responsible for the loss is a Reliance insured, resulting in Farm Bureau filing a claim against the Reliance Estate. Just as Farm Bureau would be the real party in interest if it sought to bring an action upon the subrogor's claim against the Members of the Harness, as the subrogated insurer, Farm Bureau is the claimant here, and its claim against the Reliance Estate is a loss claim. It is a loss claim properly assigned class (b) because here there is no evidence that the claim is subject to indemnification, or to "other benefits or advantages recovered by the claimant." *See* 40 P.S. § 221.44(b).

Essentially, the Liquidator asks the Court to declare that where the claimant is a subrogated insurer and not the insured, the claim shall be treated as a class (g) claim under the theory that the claim is one of indemnification and, therefore, tantamount to "other benefits or advantages recovered by the claimant." I conclude it is not.

The language in the statute "other benefits or advantages recovered by the claimant" is not applicable herein as the language does not refer to loss coverage under a primary policy of insurance.[2] Under a plain reading of the statute, the claim herein is a loss claim, that is, the claim is "under policies for losses wherever incurred, including third party claims." Farm Bureau settled its claim with its insured, that is, paid the claim. Farm Bureau and Reliance entered into a settlement agreement in which Reliance agreed to settle the action for $7000.00. On the day following after the settlement agreement was executed, Reliance was placed into rehabilitation. Farm Bureau's claim against the Estate is a loss claim, that results from a subrogation claim, and Farm Bureau is not otherwise indemnified

**2.** Excess coverage is the type of benefit or advantage contemplated by that language.

and will not recover funds from another source. Accordingly, Referee Milspaw correctly determined that claim should be classified a class (b) claim.

Accordingly, the Court enters the following

### ORDER

AND NOW, this 14th day of December, 2007, the objections of the Liquidator to the decision of Referee Milspaw are OVERRULED; the decision of Referee Milspaw, attached hereto and marked as Exhibit A, is AFFIRMED; FURTHER, regarding the monetary claim against Reliance filed by Farm Bureau, and assigned Proof of Claim No. 1010161, the Liquidator is directed to assign the claim a priority level (b).

The Liquidator is directed to serve a copy of this memorandum opinion and order on those listed on the Master Service List. In addition, the Liquidator shall file with the Court an affidavit stating that service has been completed.